UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANE BAUER,  )
2021 5th Ave.  )
Oakland, CA 94606,  )  Judge _____
  )  Civil Action No. _____
    PLAINTIFF  )
  vs.  )
  )
DEPARTMENT OF HOMELAND  )
SECURITY,  )
Washington, DC 20528,  )
  )
DEPARTMENT OF JUSTICE,  )
950 Pennsylvania Ave., NW  )
Washington, DC 20530,  )
  )
NATIONAL SECURITY AGENCY,  )
9800 Savage Rd.  )
Fort Meade, MD 20755,  )
  )
CENTRAL INTELLIGENCE AGENCY,  )
Washington, DC 20505,  )
  )
DEPARTMENT OF STATE,  )
2201 C St., NW  )
Washington, DC 20520,  )
  )
    DEFENDANTS  )
  )
  )

## **COMPLAINT**

### THE PARTIES

1.     Plaintiff Shane Bauer is a citizen of California.

2.     Mr. Bauer is an investigative reporter who writes for *Mother Jones* magazine. His work requires the frequent analysis of complex data and government

1

records relating to a wide range of topics, from government contracting to military operations to corrections policies to police investigations.

3. Defendant Department of Homeland Security (DHS) is an agency of the United States. The Transportation Security Administration (TSA) and Customs and Border Patrol (CBP) are components of DHS. The National Protection and Programs Directorate (NPPD) and Office of Operations Coordinating and Planning (OPS) are offices or directorates of DHS. The TSA, CBP, NPPD, and OPS have possession, custody and control of records Plaintiff seeks.

4. Defendant Department of Justice (DOJ) is an agency of the United States. The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of records Plaintiff seeks.

5. Defendant National Security Agency (NSA) is an agency of the United States. The NSA has possession, custody and control of records Plaintiff seeks.

6. Defendant Department of State (DOS or "State") is an agency of the United States. The DOS has possession, custody and control of records Plaintiff seeks.

JURISDICTION AND VENUE

7. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

8. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

9. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

STATEMENT OF FACTS

*Background*

10. Michael Benham is a computer security researcher. He is a member of the Institute for Disruptive Studies, a computer security and privacy research group. Mr. Benham also runs a cloud-based WPA cracking service, manages the GoogleSharing targeted anonymity service, and is author of the Convergence SSL authenticity system, which replaced Certificate Authorities. He was the Chief Technology Officer and cofounder of Whisper Systems, which was acquired by Twitter in 2011. In 2012, Mr. Benham, along with David Hulton, presented research that makes it possible to reduce the security of MS-CHAPv2 handshakes to a single DES encryption. The two built hardware capable of cracking the remaining DES encryption in less than 24 hours, and then made the hardware available for anyone to use as an Internet service. Mr. Benham has been an outspoken critic of government surveillance and government invasion of privacy, particularly as it relates to the NSA.

11. For a period of about one and a half years, during the years 2010 and 2011, Mr. Benham was under strict travel restrictions from the government. He has been periodically refused the right to board flights to the United States from outside countries at the command of US government officials. Other computer security researchers have been under similar restrictions, which include the searching of their computers at airports. The close monitoring of the movements of people who do security work, at a time when the public is concerned about government surveillance, is of pressing public interest. With such overt interference in Mr. Benham's life on the behalf of government agencies in the past, and the higher profile nature of his current computer security work, there is reason to believe that Mr. Benham remains subject to government surveillance.

*Plaintiff's FOIA Request to CBP*

12. On January 18, 2014, Mr. Bauer submitted a FOIA request to CBP requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

13. As of the filing of this Complaint, Mr. Bauer has not received a final response to his FOIA request to CBP with a determination as to whether CBP will release or withhold all of the requested records; whether CBP will grant a fee waiver; or whether CBP will grant expedited processing.

14. Under 5 USC § 552(a)(6)(C)(i), Mr. Bauer is deemed to have exhausted his administrative remedies with regard to his FOIA request to CBP.

*Plaintiff's FOIA Request to TSA*

15. On January 20, 2014, Mr. Bauer submitted a FOIA request to TSA requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

16. Mr. Bauer received a letter from TSA dated February 11, 2014 assigning his requests tracking number 2014-TSPA-00175 and referring the request to CBP.

17. On February 24, 2014, Mr. Bauer filed an administrative appeal. In his appeal, Mr. Bauer challenged the TSA's decision not to conduct a search for records responsive to his FOIA request (or alternatively for conducting an inadequate search); objected to TSA's decision to refer his request to CBP, a component to which Mr. Bauer

had already submitted a separate FOIA request; and alleged that TSA had improperly failed to grant his request for expedited processing.

18. As of the filing of this Complaint, Mr. Bauer has not received a final response to his appeal.

19. Under 5 USC § 552(a)(6)(C)(i), Mr. Bauer is deemed to have exhausted his administrative remedies with regard to his appeal of TSA's determination.

*Plaintiff's FOIA Request to DHS – Headquarters*

20. On January 20, 2014, Mr. Bauer submitted a FOIA request to DHS requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

21. Mr. Bauer received a letter from DHS dated February 6, 2014 assigning his requests tracking number 2014-HQFO-00299 and stating that Mr. Bauer did not provide enough information to enable DHS to perform a search. The letter further, incorrectly, stated that Mr. Bauer had not included a privacy waiver signed by Mr. Benham.

22. On February 24, 2014, Mr. Bauer filed an administrative appeal. In his appeal, Mr. Bauer challenged the DHS's determination that Mr. Bauer did not provide enough information to enable DHS to perform a search; provided additional information to assist in DHS performing a search; and noted that he already provided a signed privacy waiver, but would be willing to provide another if necessary.

23. Mr. Bauer received a letter from DHS dated March 11, 2014 assigning his appeal tracking number 2014-HQAP-00043 and acknowledging receipt of the appeal.

24.     As of the filing of this Complaint, Mr. Bauer has not received a final response to his appeal.

25.     Under 5 USC § 552(a)(6)(C)(i), Mr. Bauer is deemed to have exhausted his administrative remedies with regard to his appeal of DHS's determination.

*Plaintiff's FOIA Request to DHS – OPS*

26.     On January 20, 2014, Mr. Bauer submitted a FOIA request to DHS – OPS requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

27.     Mr. Bauer received a letter from DHS – OPS dated January 29, 2014 assigning his requests tracking number 14-OPS-014 and stating that Mr. Bauer would be placed in the media category for fee purposes.

28.     Mr. Bauer received a further letter from DHS – OPS dated February 4, 2014 stating that the agency could locate no responsive records.

29.     On February 20, 2014, Mr. Bauer filed an administrative appeal challenging the adequacy of the search performed by DHS – OPS.

30.     Mr. Bauer received a letter from the United States Coast Guard (USCG) dated April 8, 2014 assigning his appeal from DHS – OPS a tracking number of 14-HQAP-00041 and remanding to DHS – OPS to provide the entire record for review.

31.     Mr. Bauer received a letter from the United States Coast Guard (USCG) dated April 30, 2014 affirming the decision of DHS – OPS.

*Plaintiff's FOIA Request to FBI*

32. On January 18, 2014, Plaintiff submitted a FOIA request to the FBI requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

33. Mr. Bauer received a letter from the FBI dated January 28, 2014 assigning his request tracking number 1250394-000 and stating that the FBI was conducting a search for responsive records.

34. As of the filing of this Complaint, Mr. Bauer has not received a final response to his FOIA request to the FBI with a determination as to whether the FBI will release or withhold all of the requested records; whether the FBI will grant a fee waiver; or whether the FBI will grant expedited processing.

35. Under 5 USC § 552(a)(6)(C)(i), Mr. Bauer is deemed to have exhausted his administrative remedies with regard to his FOIA request to the FBI.

*Plaintiff's FOIA Request to NSA*

36. On January 18, 2014, Mr. Bauer submitted a FOIA request to NSA requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

37. Mr. Bauer received a letter from NSA dated January 29, 2014 assigning his requests tracking number 76349; placing him in the "other" category for fee purposes;

declining to adjudicate his request for a waiver of fees; denying his request for expedited processing; and issuing a Glomar response to his requests.

38. On February 20, 2014, Mr. Bauer filed an administrative appeal. In his appeal, Mr. Bauer sought review of the decision to deny expedited processing and the decision to deny his request for a waiver of fees. The appeal further challenged the adequacy of NSA's search; the NSA's interpretation of the request as being limited to intelligence programs or methods; and the propriety of the Glomar response.

39. Mr. Bauer received a letter from NSA dated March 12, 2014 assigning his appeal tracking number 3934.

40. In a letter dated April 25, 2014, the NSA affirmed its Glomar response.

*Plaintiff's FOIA Request to CIA*

41. On January 21, 2014, Mr. Bauer submitted a FOIA request to the CIA requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

42. Mr. Bauer received a letter from the CIA dated January 30, 2014 assigning his requests tracking number F-2014-00694; stating that the CIA could not find any responsive records revealing an openly acknowledged CIA affiliation; and further setting forth a Glomar response with respect to any other records, citing Exemptions 1 and 3.

43. On February 21, 2014, Mr. Bauer filed an administrative appeal. In his appeal, Mr. Bauer sought review of the CIA's failure to rule on his request for a waiver of fees. The appeal further challenged the adequacy of CIA's search; the CIA's

interpretation of the request as being limited to intelligence programs or methods; and the propriety of the Glomar response.

44. As of the filing of this Complaint, Mr. Bauer has not received a final response to his appeal to the CIA.

45. Under 5 USC § 552(a)(6)(C)(i), Mr. Bauer is deemed to have exhausted his administrative remedies with regard to his FOIA request to the CIA.

*Plaintiff's FOIA Request to State*

46. On January 18, 2014, Mr. Bauer submitted a FOIA request to NSA requesting records about Michael Benham and four addresses at which Mr. Benham previously lived. The request included a privacy waiver signed by Mr. Benham authorizing the release of records to Mr. Bauer. The request also sought expedited processing and a waiver of fees.

47. Mr. Bauer received a letter from the Department of State dated February 7, 2014 assigning his requests tracking number F-2014-01795 and stating that the Department of State was denying his request for expedited processing, but granting his request for a fee waiver. The letter further stated that the Department of State would begin processing Mr. Bauer's requests.

48. As of the filing of this Complaint, Mr. Bauer has not received a final response to his FOIA request to State with a determination as to whether State will release or withhold all of the requested records.

49. Under 5 USC § 552(a)(6)(C)(i), Mr. Bauer is deemed to have exhausted his administrative remedies with regard to his FOIA request to State.

## COUNT I:
## VIOLATION OF FOIA/PA
(All Defendants)

50. This Count realleges and incorporates by reference all of the preceding paragraphs.

51. The CBP[1] has violated FOIA/PA by failing to produce records responsive to Plaintiff's FOIA/PA requests (no tracking number) within the time period prescribed by 5 USC § 552(a)(6)(A)(i).

52. The TSA has violated FOIA/PA by improperly failing to conduct a search for records responsive to Plaintiff's FOIA request to the TSA (2014-TSPA-00175) and instead referring his request to the CBP. The TSA has further violated FOIA by failing to grant Plaintiff's request for expedited processing.

53. DHS – Headquarters has violated FOIA/PA by improperly refusing to process Plaintiff's FOIA request 2014-HQFO-00299.

54. DHS – OPS has violated FOIA/PA by failing to perform an adequate search with respect to Plaintiff's FOIA request 14-OPS-014.

55. The FBI has violated FOIA/PA by failing to grant, or even rule on, Plaintiff's request for a fee waiver and expedited processing, and failing to determine whether it will produce records responsive to Plaintiff's FOIA/PA request 1250394-000, within the time period prescribed by 5 USC § 552(a)(6)(A)(i).

56. The NSA has violated FOIA/PA by improperly denying Plaintiff's requests (76349) for expedited processing and a waiver of fees; by failing to perform an adequate search; by construing Plaintiff's FOIA request as being limited to intelligence

---

[1] Although DHS, not CBP, is the proper party defendant, Plaintiff will refer to the respective agency components and offices throughout Count I for convenience.

programs or methods; and by improperly withholding records and issuing a Glomar response.

57.     The CIA has violated FOIA/PA by failing to grant, or even rule on, Plaintiff's request for a waiver of fees; by failing to conduct an adequate search; by construing Plaintiff's FOIA request as being limited to intelligence programs or methods; and by improperly withholding records and issuing a Glomar response.

58.     The Department of State has violated FOIA/PA by failing to determine whether it will produce records responsive to Plaintiff's FOIA/PA request F-2014-01795, within the time period prescribed by 5 USC § 552(a)(6)(A)(i).

59.     Plaintiff has been and will continue to be irreparably harmed until Defendants are ordered to comply with Plaintiff's FOIA/PA requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Enjoin Defendants from continuing to withhold the records responsive to Plaintiff's FOIA requests and otherwise order Defendants to produce the requested records without further delay, on an expedited basis and without requiring payment of fees;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

\_\_/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington , DC 20006
(202)277-6213

*Counsel for Plaintiff*